**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EVRARD DESMET NZOBAZOLO MATONDO,** **Petitioner** **v.** **CRAIG A. LOWE, in his official capacity as the Warden of Pike County Correctional Facility; BRIAN MCSHANE, in his official capacity as Acting Field Office Director of the Philadelphia Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; and DAVID VENTURELLA, in his official capacity as Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement,** **Respondents** | : | **No. 3:26cv1941** **(Judge Munley)** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Petitioner Evrard Desmet Nzobazolo Matondo, pursuant to 28 U.S.C. § 2241.[1] (Doc. 1).

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1 ¶ 6). Petitioner asserts that his continued detention

Petitioner is a native and citizen of the Republic of Congo in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at Pike County Correctional Facility, in Lords Valley, Pennsylvania. Id. ¶¶ 1, 6, 22. His petition asserts that he is detained under a section of the Immigration and Naturalization Act that does not apply to him in a manner that violates his Fifth Amendment right to procedural and substantive due process. Id. at 18, 21–27. He also argues DHS's detention policy is arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act. Id. at 19. After review of the record, the petition will be granted. Nzobazolo Matondo will be released.

According to the petition, Nzobazolo Matondo is 31 years old. Id. ¶ 22. On July 30, 2023, U.S. Border Patrol agents in San Ysidro, California encountered petitioner "attempting to enter the United States without inspection or admission." (Doc. 7-2 at 3). He was released from federal custody by Order of Recognizance and issued a Notice to Appear which was ultimately disposed of for failure to prosecute. Id. On December 15, 2023, petitioner filed an application for asylum.

On July 7, 2025, ICE encountered petitioner when he appeared for a scheduled Alternative to Detention Program (ATD) appointment in Philadelphia.

---

violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause under the Fifth Amendment. Id. at 18–27. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Id. He was placed under arrest and issued a new Notice to Appear, charging him with violating 8 U.S.C. § 1182(a)(6)(A)(i) as being present in the United States without being admitted or paroled. Id.; Doc. 7-3. He has been in detention without a bond hearing since that time. (Doc. 1 ¶¶ 2, 28). On November 19, 2025, an IJ denied petitioner's application for asylum and ordered his removal. (Doc. 7-6). The removal order is not administratively final.

The parties briefed their respective arguments as to which statute controls petitioner's custody. (See Doc. 1 (petitioner arguing his custody is governed by 8 U.S.C. § 1226(a)); Doc. 7 (respondent[2] arguing petitioner's custody is governed by § 1225(b)(2)).

For petitioners such as Nzobazolo Matondo, who do not have a criminal record, and "were not detained at the border," the Third Circuit recently resolved this dispute in Buele Morocho v. Warden Philadelphia FDC, ___ F.4th ___, 2026 WL 2546223, at *7 (3d Cir. Aug. 28, 2026). The statute that governs petitioner's pre-removal custody is § 1226(a). And because § 1226(a) and its implementing regulations "require[ ]" a bond hearing, Borbot v. Warden Hudson Cnty. Corr.

[2] Although petitioner named five respondents in his petition, (see Doc. 1 at 1), typically "the [only] proper respondent" to a petition for writ of habeas corpus "is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The government argues the only proper respondent here is Craig Lowe, Warden of the Pike County Correctional Facility. (Doc. 7 at 2 n.1). The court agrees with this argument. As such, the court will dismiss the other respondents as improper.

Facility, 906 F.3d 274, 278 (3d Cir. 2018), respondent is violating Petitioner's rights under the INA and its implementing regulations by not providing one.

As to petitioner's due process rights, like the Buele Morocho court, this court considers the Eldridge[3] factors to determine "whether detention without bond of noncitizens who have lived in the United States for extended periods of time with no criminal records violates due process." ___ F.4th at ___, 2026 WL 2546223, at *9–10. As to the first factor, "the private interest that will be affected by the official action," the Buele Morocho court held that "mandatory detention implicates [the] 'constitutionally protected interest in avoiding physical restraint.'" Id. at *9 (quoting Eldridge, 424 U.S. at 335; Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (citations omitted)). And so, it does here.

The second factor concerns "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Id. (quoting Eldridge, 424 U.S. at 335). The Buele Morocho court found such risk exists in situations like here, because of "the absence of an opportunity for a neutral decisionmaker to assess" the dangerousness or flight risk of a defendant. Id.

As to the third factor, "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or

[3] Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

substitute procedural requirement would entail," id. (quoting Eldridge, 424 U.S. at 335), the court held that the "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [the] non-criminal individuals were detained absent evidence that either is dangerous or a flight risk, and the Government has not argued that bond hearings are unduly burdensome." Id. at *10 (citation modified).

On this third factor and the ultimate disposition of this habeas petition, petitioner has no criminal convictions, (Doc. 1 ¶ 35), and his previous Notice to Appear was dismissed for failure to prosecute. (Doc. 7-2 at 3). There is no evidence that petitioner resisted ICE officers or was uncooperative in their enforcement efforts. There is also no evidence that he failed to appear at any immigration hearings in the past.

Weighing these factors, the failure to provide petitioner with a bond or custody redetermination hearing violated his right to procedural due process. Buele Morocho, 2026 WL 2546223, at *10. Therefore, his petition will be granted. Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, only immediate

release will remedy the due process violation that Nzobazolo Matondo has experienced.

Consequently, it is hereby **ORDERED** that:

1) Brian McShane, Markwayne Mullin, Todd Blanche, and David Venturella are dismissed from this action as improper respondents;

2) Evrard Desmet Nzobazolo Matondo's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

3) The government shall immediately release petitioner from its custody;

4) On or before October 16, 2026, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that petitioner has been released;

5) The government shall release petitioner under the same conditions that existed prior to his detention, including release: (1) in an area where the petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control,

whether maintained directly by respondents or by any contracted or affiliated facility;

6) The government is temporarily enjoined from re-arresting petitioner for a period of 7 days to ensure that this habeas remedy is effective;

7) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

8) The Clerk of Court is directed to **CLOSE** this case.[4]

**Date:** 10/14/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

[4] Petitioner requests attorney's fees pursuant to 28 U.S.C. § 2412. (Doc. 1 at 29). A petition for writ of habeas corpus challenging immigration detention under 28 U.S.C. § 2241 is a civil action for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and this statute unambiguously applies here. Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 428, 432 (3d Cir. 2026). Petitioner may file a motion for costs and fees within 30 days of the entry of judgment. 28 U.S.C. § 2412(d)(1)(B); Villa Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *7 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); see Fed. R. Civ. P. 54(d).